UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN BARTUCCI,<br><br>Defendant. | No. 1:18-cr-00270-TLN-BAM<br><br>**ORDER** |

This matter is before the Court on Defendant Bryan Bartucci's ("Defendant") Motion to Terminate Probation. (ECF No. 98.) The Government filed an opposition. (ECF No. 101.) Defendant filed a reply. (ECF No. 102.) Defendant's Motion is DENIED in part as described below.

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2018, Defendant was charged by way of Information with one count of engaging in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922 (a)(1)(A) ("Count One"). (ECF No. 1.) On January 22, 2019, Defendant entered into a deferred prosecution agreement ("agreement") where the Government agreed to dismiss the information after an 18-month period if Defendant complied with certain conditions. (ECF No. 83 ¶ 27.) However, after entering into the agreement, Defendant violated the agreement by committing new offenses, including but not limited to, purchasing firearms, attempting to purchase another firearm, and falsely indicating he was not under Information for a felony. (ECF No. 83 ¶¶ 4–5; ECF No. 101 at 2–3.)

On September 25, 2023, Defendant pleaded guilty to Count One. (ECF No. 75.) The Court subsequently sentenced Defendant to probation for three years, issued a fine of $10,000, and imposed a $100 special assessment. (ECF Nos. 90, 91.) The probation officer had recommended a 33-month imprisonment term, and the Government had requested the Court impose an 18-month imprisonment term. (ECF No. 83-1 at 1; ECF No. 101 at 2 n.1.) After serving more than a year of his three-year probation term, Defendant now seeks to terminate the remaining years of his probation sentence or in the alternative for judicial authorization to allow him to travel from June 1, 2025, to June 13, 2025. (ECF No. 98 at 2.)

### II. STANDARD OF LAW

In the case of a felony, after a Defendant has completed one year of probation, and "after considering the factors set forth in section 3553(a) to the extent they are applicable," a Court may terminate a term of probation previously ordered. 18 U.S.C. § 3564(c). The section 3553(a) factors include but are not limited to: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

///

///

### III. ANALYSIS

Defendant seeks to terminate his probation sentence early on the following grounds. First, Defendant contends he has satisfied his probation obligations responsibly and paid his fines and fees in full. (ECF No. 98 at 2.) Second, Defendant states the travel restrictions imposed on him prevent him from pursuing professional opportunities outside his residence in New Mexico and from visiting family. (*Id.*) Third, Defendant notes he recently sought authorization to travel to Cebu City, Philippines to explore relocation and retirement possibilities. (*Id.* at 2–3.) Fourth, Defendant states his supervising probation officer has stated no objection to his early termination. (*Id.* at 3.) Finally, Defendant argues termination of his probationary term is in the interest of justice because he has successfully reintegrated into society and achieved his rehabilitation goals. (*Id.* at 3–4.) Additionally, Defendant contends termination will alleviate unnecessary restrictions and conserve judicial and probationary resources. (*Id.*) In the alternative, Defendant seeks judicial authorization to travel to Cebu City, Philippines from June 1 to June 13, 2025. (*Id.* at 4.)

In opposition, the Government argues Defendant should remain on supervision for the remainder of his probationary term. (ECF No. 101 at 3.) According to the Government, terminating Defendant's sentence, which was imposed instead of an imprisonment term, would undermine the purposes of the sentence which included punishment, deterrence, and respect for the law. (*Id.* at 3–4.) Moreover, the Government contends Defendant's performance while on pretrial release demonstrates the necessity of maintaining Defendant's probationary term. (*Id.* at 4.) The Government does not object to Defendant's travel request. (*Id.*)

In reply, Defendant argues early termination should not be reserved for just exceptional cases. (ECF No. 102 at 2.) According to Defendant, his probationary term has "fulfilled its function," now that Defendant has "demonstrated he is capable of sustaining a stable, law-abiding life[.]" (*Id.* at 3.) Additionally, Defendant contends his ongoing supervision is now impeding his rehabilitation as it has led to professional, personal, and familial consequences. (*Id.* at 3–4.) Finally, Defendant argues it is in the interest of justice to terminate his sentence. (*Id.* at 4.)

While the Court commends Defendant on his ability to sustain a "stable, law-abiding life," the Court does not find this minimum expectation warrants termination of his sentence. *See*

*United States v. Aguilar*, No. 1:19-CR-00224-BLW, 2024 WL 357024, at *1 (D. Idaho Jan. 31, 2024) ("[T]he Court is not persuaded that probation becomes unnecessary simply because a person has complied with the requirements[.]").  Moreover, as the Government notes in opposition, Defendant's performance while on pretrial release cautions against termination.  The Court is sympathetic to Defendant's situation, but is unpersuaded that the § 3553(a) factors, particularly the history and characteristics of the Defendant, warrant termination of his sentence.  Accordingly, Defendant's Motion to Terminate Probation is DENIED.

However, as detailed below, the Court GRANTS Defendant's request for judicial authorization to travel to Cebu City, Philippines particularly given the Government's non-opposition to Defendant's request for judicial authorization.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Terminate Probation is DENIED.  Defendant's request for judicial authorization to travel internationally from June 1 to June 13, 2025, to Cebu City, Philippines, is GRANTED.  Prior to June 1, 2025, Defendant shall provide his probation officer with all necessary documentation regarding his travel, including proof of return arrangements, contact information, and lodging.

IT IS SO ORDERED.

Date: May 15, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4