UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-cr-00270-TLN-BAM |
| Plaintiff, | |
| v. | **ORDER** |
| BRYAN BARTUCCI, | |
| Defendant. | |

This matter is before the Court on Defendant Bryan Bartucci's ("Defendant") Unopposed Motion for Early Termination of Supervised Release.  (ECF No. 114.)  For the following reasons, the Court GRANTS Defendant's motion.

On September 25, 2023, Defendant pleaded guilty to engaging in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  (ECF No. 75.)  On February 12, 2024, Defendant was sentenced to probation for a term of three years.  (ECF Nos. 90, 91.)  On May 14, 2026, Defendant filed the instant motion for early termination of supervised release.  (ECF No. 114.)  As of the filing of the instant motion, Defendant has completed 27 months of his 36-month supervisory term.  (*Id.*)  On June 15, 2026, the Government filed a non-opposition to Defendant's motion.  (ECF No. 116.)

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The

1

statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Defendant requests early termination of supervised release as he satisfies the required and recommended factors for early termination. (ECF No. 114 at 1–2.) Specifically, Defendant contends he has paid all fines, completed 27 months of his probation sentence in full compliance with zero violations, followed all court-assigned orders, and stayed in continual contact with his probation officer. (*Id.* at 1.) Defendant states that he has remained sober for 51 months and is attending ongoing counseling through his local veterans center. (*Id.* at 1–2.)

Defendant asserts he has remained at the same job in a full-time capacity earning employee of the quarter for July through September 2025 and is requesting early termination to pursue career advancements. (*Id.* at 1–2.) The promotions require Defendant to be off probation to clear background checks and travel out-of-state on a continual basis. (*Id.* at 2.) Defendant maintains being off probation would help him acquire a promotion to secure a higher pay grade and more financial stability. (*Id.*)

While Defendant does represent that his probation officer agrees that he should finish out his probation sentence (*id.*), based on the Government's non-opposition and Defendant's conduct while on supervised release, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e). *See Emmett*, 749 F.3d at 819. Accordingly, Defendant's Unopposed Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF No. 114.)

IT IS SO ORDERED.

Dated:   June 17, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

2